UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

MAY  4 2012

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JAMAL ANTHONY SAMUEL,

      Petitioner,

v.                                        CASE NO. 2:11cv538

W.W. PIXLEY, Warden,

      Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia.  For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

The petitioner, Jamal Anthony Samuel, was convicted in the Circuit Court of Accomack County on April 16, 2009, of one count of grand larceny and one count of possession of a firearm by a convicted felon.  He was subsequently sentenced on June 4, 2009, to serve a term of ten years in prison.  Samuel filed an appeal with the Court

of Appeals of Virginia, which was denied on the merits on January 27, 2010.  Samuel filed a petition for appeal with the Supreme Court of Virginia, which was summarily refused on July 23, 2010.` Samuel filed a petition for a writ of habeas corpus with the Supreme Court of Virginia on February 18, 2011, which was denied on the merits on July 22, 2011.

On September 21, 2011, while in the custody of the Virginia Department of Corrections at St. Brides Correctional Center, Samuel filed this federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  ECF No. 1.  On January 6, 2012, the respondent filed his Rule 5 answer, a motion to dismiss, a supporting brief, and a Roseboro notice pursuant to Local Civil Rule 7(K).  ECF Nos. 13-16.  On January 20, 2012, Samuel filed a brief in opposition to the respondent's motion to dismiss.  ECF No. 17.

## B. Grounds Alleged

The petition asserts that Samuel is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a)  Ineffective assistance of counsel, based on defense counsel's failure to move to suppress certain incriminating statements by the petitioner taken in

---

[1] Samuel's petition was received and docketed in this Court on October 3, 2011, but the petition includes a notarized statement that it was deposited in the prison mail system on September 21, 2011, and thus effectively filed that day.  See R. 3(d) foll. 28 U.S.C. § 2254.

violation of his <u>Miranda</u> rights, and defense counsel's failure to object to admission of these statements at trial;

(b)  Ineffective assistance of counsel, based on defense counsel's failure to subpoena Raymond McKyer, the victim's son, to testify that the petitioner did not steal the victim's car;

(c)  Ineffective assistance of counsel, based on defense counsel's failure to timely object to the qualifications of a witness to provide expert testimony on gunshot residue;

(d)  Ineffective assistance of counsel, based on defense counsel's failure to challenge the absence of a certificate of analysis of the petitioner's DNA; and

(e)  Violation of the petitioner's due process rights inasmuch as the prosecution failed to comply with Virginia Supreme Court Rule 3A:11, which required the production of a "complete and certifiable" copy of the DNA certificate of analysis to defense counsel.

Samuel asserted each of these claims in his state habeas petition.  His due process claim was denied on procedural default grounds, and each of his ineffective assistance of counsel claims was denied on its merits.

## II. ANALYSIS

### A. Samuel's Ineffective Assistance of Counsel Claims

A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 387. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. Moreover, any factual findings made by the state court are presumed to be correct, and the petitioner has the burden of rebutting that presumption by clear and convincing

- 4 -

evidence.   28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433,
439 (4th Cir. 2003).

Samuel's claims (a), (b), (c), and (d) allege ineffective
assistance of counsel.  In particular, Samuel alleges in claim (a)
that his defense counsel failed to move to suppress certain
incriminating statements by him that were taken in violation of his
Miranda rights, and defense counsel subsequently failed to object
to admission of these same statements at trial.  Samuel alleges in
claim (b) that his defense counsel failed to subpoena Raymond McKyer,
the victim's son, whom he claims would have testified that Samuel
did not steal the victim's car.  Samuel alleges in claim (c) that
his defense counsel failed to timely object to the qualifications
of an expert witness who testified with respect to gunshot residue
evidence.   Finally, Samuel alleges in claim (d) that his defense
counsel failed to challenge the absence of a certificate of analysis
with respect to DNA testing conducted on the gun he was charged with
possessing.  In denying Samuel's state habeas petition, the Supreme
Court of Virginia rejected each of these claims on the merits, citing
Strickland v. Washington, 466 U.S. 668 (1984).  Accordingly, this
Court may not grant relief unless it determines that the state court's
decision on the merits was "legally or factually unreasonable."  See
Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000).

The Supreme Court of Virginia considered Samuel's claim (a) and
held that he satisfied neither the "performance" nor the "prejudice"

- 5 -

prong of the two-part Strickland test, finding that the record demonstrated that Samuel had been properly "Mirandized," and that he did not make any incriminating statements until after he was advised of his constitutional rights. The state court noted that Samuel did not tell his defense counsel that the arresting officer did not read him his Miranda rights, nor did he direct defense counsel to file a motion to suppress on that basis. The state court found that defense counsel had concluded that she had no valid basis for filing a motion to suppress or objecting to the admissibility of any such statements.

The Supreme Court of Virginia considered Samuel's claim (b) and held that he satisfied neither the "performance" nor the "prejudice" prong of the two-part Strickland test, finding that defense counsel had "sound tactical reasons" for not calling Raymond McKyer to testify. Namely, the state court noted that McKyer did not confirm Samuel's version of events and refused to testify willingly on Samuel's behalf; indeed, McKyer told defense counsel that Samuel stole the car and should plead guilty.

The Supreme Court of Virginia considered Samuel's claim (c) and held that he satisfied neither the "performance" nor the "prejudice" prong of the two-part Strickland test, finding that Samuel had failed to present any evidence that the witness was unqualified.

The Supreme Court of Virginia considered Samuel's claim (d) and held that he satisfied neither the "performance" nor the "prejudice"

prong of the two-part Strickland test, finding that, while the lab report documenting that Samuel's DNA was not found on the gun he was charged with possessing, defense counsel was aware of this information well before trial and actually used it at trial, referencing it in cross-examination of the Commonwealth's lead investigator and relying on it in support of a motion to strike the gun charge. Moreover, the state court noted that the Commonwealth stipulated that Samuel's DNA and fingerprints were not found on the gun.

Because the Supreme Court of Virginia clearly articulated the rationale behind its ruling, an independent review of the record is not necessary. See Bell, 236 F.3d at 163. This Court may not grant relief on any claim previously adjudicated on the merits in state court unless one of the two statutory exceptions applies. See 28 U.S.C. § 2254(d). There is nothing to suggest that adjudication on the merits by the state court was contrary to, or an unreasonable application of, clearly established federal law. On its face, the state court's rationale appears to be a reasonable application of Strickland, which provides the controlling standard in ineffective assistance of counsel claims. Moreover, there is nothing to suggest that adjudication on the merits by the state court resulted in a decision that was based on an unreasonable determination of the facts.

Accordingly, the Court recommends denying the petition with

respect to claims (a), (b), (c), and (d).

## B. **Samuel's Due Process Claim**

Ordinarily, a federal court will not review a claim that is procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). A claim is procedurally defaulted where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Notwithstanding procedural default, a federal court may review habeas claims where the petitioner can demonstrate cause for the default and actual prejudice as a result, or that failure to review the claims will result in a fundamental miscarriage of justice. Id.; Thomas v. Davis, 192 F.3d 445, 450 n.2 (4th Cir. 1999).

The Supreme Court of Virginia found Samuel's claim (e) to be procedurally defaulted pursuant to Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974), because it could have been raised at trial or on direct appeal. See id. at 682. The Fourth Circuit has expressly recognized "that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196 (4th Cir. 1997). Accordingly, claim (e) is procedurally defaulted before this Court.

In opposition to the respondent's motion to dismiss, Samuel invokes the cause and prejudice exception to procedural default, asserting ineffective assistance of counsel as cause for his default.

In particular, Samuel argues that the procedural default should be excused because his defense counsel was ineffective in failing to raise this claim at trial or on direct appeal.

The Court notes that Samuel relies on the very same allegation of ineffective assistance of counsel with respect to a certificate of analysis in his substantive claim (d). There is disagreement among courts in this district about whether a state court's merits decision on a freestanding ineffective assistance claim is entitled to § 2254(d) deference in the cause-and-prejudice context, or whether the ineffective assistance claim is entitled to de novo review as to cause and prejudice. Compare Green v. Johnson, No. 2:05cv340, 2007 WL 951686, at *3 (E.D. Va. Mar. 26, 2007) (de novo review), with Orbe v. True, 233 F. Supp. 2d 749, 759-60 (E.D. Va. 2002) (deferential review), aff'd on other grounds, 82 Fed. App'x 802 (4th Cir. 2003) (per curiam).[2]

But while the appropriate level of deference may be a significant question in a closer case, the question is entirely academic in this case, as Samuel fails to demonstrate that his counsel was ineffective under either standard. See Powell v. Kelly, 531 F. Supp. 2d 695, 724 (E.D. Va. 2008); see also Orbe, 82 Fed. App'x at 808. Dismissal of claim (d) on the merits, supra, is dispositive

---

[2] As noted in Green, "decisions of a district judge are not binding on other district judges, even within the same district." Green, 2007 WL 951686, at *3 n.7.

- 9 -

of the issue of cause for procedural default with respect to claim (e) under a deferential standard. See Orbe, 233 F. Supp. 2d at 760; Roberts v. Johnson, No. 2:05cv331, 2006 WL 1881002, at *4 (E.D. Va. July 6, 2006) (citing Orbe, 233 F. Supp. 2d at 759-60). And given the Commonwealth's stipulation that Samuel's DNA and fingerprints were not found on the gun in question, as well as defense counsel's reliance on these stipulated facts at trial in lieu of a certificate attesting to the very same facts, the Court, in its independent judgment, FINDS that Samuel has satisfied neither the "performance" nor the "prejudice" prong of the Strickland test.

Samuel has failed to establish cause and prejudice to excuse his procedural default with respect to claim (e), and he has neither alleged nor established a fundamental miscarriage of justice. Accordingly, the Court recommends denying the petition with respect to claim (e).

### III. **RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that Samuel's petition for a writ of habeas corpus (ECF No. 1) be DENIED, that the respondent's motion to dismiss (ECF No. 13) be GRANTED, and that all of Samuel's claims be DISMISSED WITH PREJUDICE.

Samuel has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal

Rules of Appellate Procedure.  <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

## IV. **REVIEW PROCEDURE**

By copy of this report, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.  A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof.  <u>See</u> Fed. R. Civ. P. 72(b)(2)

2. A district judge shall make a <u>de</u> <u>novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

May  4 , 2012

- 12 -

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed

this date to the following:

    Jamal Anthony Samuel, #1276997
    St. Brides Correctional Center
    701 Sanderson Road
    P.O.Box 16482
    Chesapeake, VA 23328

    Leah Ann Darron, Esq.
    Senior Assistant Attorney General
    Office of the Attorney General
    900 E. Main Street
    Richmond, Virginia 23219

                          _____
                          Fernando Galindo,
                          Clerk of Court

                    By:   _____
                          Deputy/Clerk
                          May  4, 2012

- 13 -